0                                                                 The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DATASPAN HOLDINGS, INC.,

     Plaintiff,

v.

MARIAN CHOQUER,

     Defendant.

NO. 2:25-cv-2607-BJR

**ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**

## I.      INTRODUCTION

Currently before the Court is a motion filed by Plaintiff DataSpan Holdings, Inc. ("DataSpan") pursuant to Fed. R.Civ. P. 65.[1] Dkt. No. 3. DataSpan alleges that its former employee, Defendant Marian Choquer ("Choquer"), has improperly taken confidential and/or propriety information allegedly belonging to DataSpan, and seeks a temporary restraining order ("TRO"), followed by expedited discovery, and an issuance of a preliminary injunction. *Id*. at 1. The motion was filed contemporaneously with a complaint for injunctive relief and damages against Choquer. Dkt. No. 1. Having reviewed the motion, the record in this case, and the relevant legal authorities, the Court denies the motion. The reasoning for the Court's decision follows.

---

[1] The motion was filed after the close of business on Friday, December 19, 2025.

ORDER GRANTING MOTION TO DISMISS - 1

## II.    BACKGROUND

DataSpan alleges that it provides installation, maintenance, and support services to data centers nationwide. It claims that it serves large enterprise customers and relies on "Account Managers" to handle client relationships from inception to completion of a project. DataSpan alleges that Choquer, an employee and Account Manager, secretly diverted a lucrative second phase of a major customer's floor replacement project away from DataSpan to a third-party vendor. According to DataSpan, Choquer communicated with that vendor using personal email accounts, facilitated its proposal to the customer, and failed to disclose to DataSpan that the work was being diverted. DataSpan further alleges that Choquer copied DataSpan files, including confidential customer information, pricing, proposals, budgets, and sales data, from her work-issued laptop onto personal USB devices and a personal cloud storage account, and then deleted large volumes of company data from her laptop to conceal her actions. DataSpan asserts that this information constitutes protected trade secrets and confidential information under both federal law and Choquer's employment agreement.

After terminating Choquer's employment, DataSpan demanded the return of all company property and confidential information. DataSpan alleges that Choquer ignored these demands and continues to retain DataSpan's trade secrets without authorization. Based on these allegations, DataSpan asserts claims for trade secret misappropriation under the Defend Trade Secrets Act and breach of contract, and seeks an immediate TRO to prevent Choquer from further using or disclosing its confidential information and to compel its return.

Importantly, DataSpan did not provide notice of the instant motion to Choquer.

ORDER GRANTING MOTION TO DISMISS
- 2

### III.    DISCUSSION

Federal Rule of Civil Procedure 65(b)(1) permits a court to issue a temporary restraining order without notice to the adverse party only where the movant submits "specific facts in an affidavit or a verified complaint" showing that "immediate and irreparable injury, loss, or damage will result … before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The rule further requires that the movant's attorney certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Consistent with this framework, this district's Local Civil Rules provide that TROs issued without notice are disfavored and rarely granted. LCR 65(b)(1).

An ex parte temporary restraining order is therefore an extraordinary remedy subject to a heightened standard, as it is issued without notice and deprives the opposing party of an opportunity to be heard. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438–39 (1974) ("The stringent restrictions imposed … by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute."). Indeed, the Ninth Circuit has "recognized [that] very few circumstances justify[] the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006); s*ee also Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (9th Cir. 1984) (observing that ex parte relief may be appropriate only where notice is impossible, such as when the adverse party's identity is unknown or the party cannot be located in time for a hearing).

DataSpan has not satisfied the heightened standard required for an ex parte TRO. Although DataSpan submits three declarations in support of its motion, each describing

ORDER GRANTING MOTION TO DISMISS
- 3

Choquer's alleged misconduct relating to the purported diversion of a customer's floor replacement project to another vendor (*see* dkt. nos. 4–6), only one declaration—submitted by Paul Zaidins, DataSpan's Co-Chief Executive Officer—addresses whether DataSpan faces continuing and imminent irreparable harm. That declaration states, in conclusory fashion, that "[t]he disclosure of the information contained in the documents Ms. Choquer appears to have taken from DataSpan would have potential to cause serious competitive harm to DataSpan." Dkt. No. 5 at ¶ 45. Such a generalized and cursory assertion is insufficient to meet the heightened showing required for ex parte relief.

In addition, DataSpan's counsel has failed to provide the certifications required by Rule 65(b)(1)(B). Counsel does not identify any efforts made to give Choquer notice of this motion or explain why notice should not be required. This omission is particularly significant given DataSpan's acknowledgment that it possesses Choquer's contact information and has communicated with her directly, including by sending at least one demand letter through outside counsel. Nor does DataSpan explain why providing notice would be impracticable or would risk precipitating the alleged harm. On the record before it, the Court therefore concludes that this case does not fall within the "very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing*, 452 F.3d at 1131.

//

//

//

//

//

//

ORDER GRANTING MOTION TO DISMISS
- 4

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES DataSpan's motion for an ex parte TRO. Any renewed motion purporting to comply with Rule 65(b) must account for the impending holidays and business closures, which bear on both Choquer's ability to respond and the Court's capacity to review such a motion.

Dated this 22nd day of December 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING MOTION TO DISMISS
- 5