**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| DATASPAN HOLDINGS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MARIAN CHOQUER; MODULAR INTERIORS BY COOK'S INC.; COOK'S CONSTRUCTION & CONSULTING INC.; KEVIN BECK; and R2MC INC.,<br><br>Defendants. | Case No. 2:25-cv-02607-JHC<br><br>**ORDER** |

## I

## INTRODUCTION

This matter comes before the Court on Defendants R2MC Inc. and Kevin Beck's Motion to Dismiss Plaintiff's Second Amended Complaint. Dkt. 61. The Court has considered the materials filed in support of and in opposition to the motions, the rest of the file, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the motion in part, DENIES it in part, and DISMISSES the unjust enrichment claim against the movants with prejudice.

//

## II

## DISCUSSION

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral*, Inc., 710 F.3d 946, 956 (9th Cir. 2013). If a complaint lacks a "cognizable legal theory" or "sufficient facts alleged to support a cognizable legal theory[,]" the court should dismiss it for failure to state a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

Viewed through the forgiving lens of Rule 12(b)6), the allegations in the Second Amended Complaint suffice to state claims for aiding and abetting breach of fiduciary duty, as well as conspiracy, against the movants. *See* Dkt. 38 ¶¶ 1, 33, 34, 67-82, 101, 102, 153-171; *Perkumpulan Investor Crisis Ctr. Dressel—WBG v. Regal Fin. Bancorp, Inc.*, 781 F. Supp. 1098, 1114-15 (W.D. Wash. 2011) (regarding aiding and abetting, citing Washington case law that cites Restatement standards with approval); *Bonneville v. Pierce Cty.*, 148 Wn. App. 500, 518 (2008) (regarding civil conspiracy). The Court also agrees with Plaintiff that the argument that

the Washington Uniform Trade Secrets Act preempts the aiding and abetting claim barks up the wrong tree. Dkt. 62 at 8-9. Notably, the movants' reply does not address preemption. Dkt. 69.

On the other hand, perhaps because it concerns their apparently strongest argument, the movants devote the beginning—and a substantial portion—of their reply to the unjust enrichment claim. *Id.* at 2-4. The Court has viewed the allegations regarding this claim from all angles presented and struggles to see how they state such a claim based on the elements set forth *Young v. Young*, 164 Wn.2d 477, 483-86 (2008), or under any other formulation of the claim in Washington law. Simply put, the Court agrees with the movants' arguments on this claim. *See* Dkts. 61 at 6-8 and 69 at 2-4. Nor does the Plaintiff cite any case, from Washington or elsewhere, that recognizes an unjust enrichment claim under similar facts. Nor do they request in the alternative leave to amend. And they have twice amended their complaint. *See* Dkts. 1, 23, and 38. Thus, the Court must dismiss the unjust enrichment claim with prejudice.

## III

## CONCLUSION

For the reasons above, the Court GRANTS the motion in part, DENIES it in part, and DISMISSES the unjust enrichment claim against the movants with prejudice.

DATED this 25th day of November, 2026.

John H. Chun

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE